IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONALD D. VETETO,                )
AIS #195182,                     )
                                 )
            Plaintiff,           )
                                 )
v.                               )      CASE NO. 2:17-CV-689-WHA
                                 )              [WO]
                                 )
CLERKS, JUDGES and JUSTICES OF   )
ALABAMA COURTS,                  )
                                 )
            Defendants.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Ronald D. Veteto ("Veteto"), a state inmate and frequent federal litigant.  In this complaint, Veteto challenges actions taken by Judge Gregory Griffin, a circuit judge for Montgomery County, Alabama, in civil actions over which he presided. Doc. 1 at 5–9.  Veteto further challenges rulings issued by the judges of the Alabama Court of Civil Appeals and the justices of the Alabama Supreme Court in appeals of his state civil cases. Doc. 1 at 7–8. Veteto also alleges that the clerks of the Alabama Court of Civil Appeals and the Alabama Supreme obstructed justice during his appeals by performing duties in accordance with the orders of their respective courts. Doc. 1 at 2.  Finally, Veteto alleges that the defendants conspired to violate his constitutional rights. Doc. 1 at 3.

## II. DISCUSSION

Upon initiation of this case, Veteto filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Doc. 1 at 11.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  The "three strikes" provision of § 1915(g) prevents Veteto from proceeding *in forma pauperis* in this action.

The Eleventh Circuit has already found that Veteto has accrued three strikes under § 1915.  Specifically, in affirming the dismissal of Veteto's appeal in the case styled as *Veteto v. Justices and Clerks of the Supreme Court of Alabama*, Case No. 2:11-CV-516-MEF-CSC (M.D. Ala. 2011), the Eleventh Circuit Court of Appeals observed that "Veteto, while a prisoner, already has filed at least three prior civil actions or appeals that have been dismissed on the grounds that they were frivolous, malicious, or failed to state

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Supreme Court determined that the three strikes provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause. *Id*. at 728–30; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

a claim upon which relief may be granted, and he is not currently under imminent danger of serious physical injury." *Veteto*, Case No. 2:11-CV-516-MEF-CSC, Doc. 19 at 3.  In support of this finding, the Eleventh Circuit cited the following cases: *Veteto v. Conaboy*, No. 92-CV-957 (M.D. Pa. 1992) (dismissing as frivolous); *Veteto v. Edwards*, No. 99-CV-756 (D.C. 1999) (dismissing for failure to state a claim); and *Veteto v. Hightower, et al.*, No. 2:98-CV-204-ID-VPM (M.D. Ala. 1998) (denying as frivolous both interlocutory appeal and appeal of final order). *See Veteto*, Case No. 2:11-CV-516-MEF-CSC, Doc. 19 at 3–4.  On this finding, the Eleventh Circuit determined that Veteto could not proceed on his appeal without prepayment of the filing fee. *Id*. at 4.

Because the Eleventh Circuit has previously determined that Veteto has three strikes, he may not proceed *in forma pauperis* in this case unless he was "under imminent danger of serious physical injury" at the time he filed the complaint. 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst*., 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)); *see Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (holding that vague allegation challenging adequacy of medical treatment for heart condition did "not satisfy the dictates of § 1915(g)"); *Margiotti v. Nichols*, 2006 WL 1174350, at *2

(N.D. Fla. May 2, 2006) (holding that allegations regarding treatment provided for "an ongoing medical condition that [plaintiff] concedes is already a permanent handicap or deformity . . . is not the type of serious injury" which entitles plaintiff "to avoid the bar of § 1915(g)"); *Ball v. Allen*, 2007 WL 484547, at *2–3 (S.D. Ala. Feb. 8, 2007) (finding general allegations regarding a myriad of conditions, including claims of deliberate indifference, insufficient to satisfy the imminent danger exception and noting that "[p]laintiff's allegation that there is 'imminent danger to [his] health and well being,' is a conclusory allegation that merely demonstrates 'that plaintiff is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends'") (citing *Skillern v. Paul*, 2006 WL 1687752, *2 (S.D. Ga. June 14, 2006)).

"The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Niebla*, 2006 WL 2051307, *2 (internal quotations omitted) (citing *Martin*, 319 F.3d at 1950; and *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)); *see Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Neither conclusory allegations that overcrowding and understaffing create a potential for violence among inmates nor general allegations that the defendants acted with deliberate indifference to basic human needs and inmate safety are sufficient to establish that plaintiff "was under

4

'imminent danger of serious physical injury' at the time he filed this action." *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014); *Jemison v. White*, 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012) (finding conclusory allegations regarding conditions of confinement—lack of adequate exercise, unsanitary cells and eating area, insufficient living space, inadequate cooling and ventilation, and lack of reasonable measures to ensure inmate's health and safety—do not demonstrate "that plaintiff was 'under imminent danger of serious physical injury' at the time he filed the complaint").

In addition, numerous district courts, including the United States District Court for the Southern District of Alabama and the United States District Court for the Northern District of Florida, have determined that "an adequate nexus must exist between the claims plaintiff seeks to pursue and the imminent danger he alleges." *May v. Barber*, 2016 WL 1735556, at *2 (S.D. Ala. Mar. 24, 2016) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)); *see Cole v. Ellis*, 2015 WL 6407205, at *1 (N.D. Fla. Sept. 3, 2015), *adopted at* 2015 WL 6394506 (N.D. Fla. Oct. 22, 2015) (holding that in addition to showing an imminent danger of serious physical injury "there must be an adequate nexus between the imminent danger alleged and the legal claims asserted in the prisoner's complaint"); *Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3rd Cir. 2014) (recognizing that to satisfy the imminent danger requirement of § 1915(g) a prisoner must demonstrate an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges).

In the instant complaint, Veteto presents claims attacking the constitutionality of

actions taken by a state circuit court, the Alabama Court of Civil Appeals, the Alabama Supreme Court, and the clerks of the appellate courts.  In an effort to meet the exception to the three strikes bar, Veteto alleges that the overall violent nature of prison conditions, including the potential for assaults, rapes, thefts, extortion, discrimination and harassment, means that he "was, is and remains 'under imminent danger of serious physical injury' or death." Doc. 1 at 10.  The court has thoroughly reviewed Veteto's claims for relief and his conclusory allegation of perceived imminent danger.  These allegations are nothing more than general claims that contemplate potential harm.  This purely conclusory and speculative allegation fails to demonstrate that Veteto was "under imminent danger of serious physical injury" at the time he filed this cause of action, as is required to meet the exception to 28 U.S.C. § 1915(g). *See, e.g.*, *Martin*, 319 F.3d at 1050 (holding that general or conclusory allegations regarding conditions are not sufficient to establish the requisite imminent threat of serious physical harm); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate").  To hold that amorphous claims relating to a prisoner's conditions of confinement render an inmate in "imminent danger of serious physical injury" would eviscerate the three strikes provision. Moreover, Veteto has shown no nexus between the claims he seeks to pursue and the imminent danger alleged because the challenged actions of the state courts "are much too attenuated from" the conditions of confinement offered to show imminent danger. *Pettus*,

554 F.3d at 296.  Consequently, under the circumstances of this case, Veteto cannot avoid the three strikes bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Veteto's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice because Veteto failed to pay the requisite filing and administrative fees upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and any applicable administrative fee] at the time he *initiates* the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.      The motion for leave to proceed *in forma pauperis* filed by Ronald D. Veteto (Doc. 1 at 11) be DENIED.

2.      This case be dismissed without prejudice for the plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

On or before **November 2, 2017**, the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 19th day of October, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE